UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. WISE, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-0974 KJM KJN P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II. Plaintiff's Allegations

Named as defendants are D. Wise, W. Broadstone, M. Zuniga and Chief Deputy Warden G. Matteson. Plaintiff alleges that he was charged with a rules violation for refusing to obey a direct order. On April 23, 2018, defendant Wise presided over the hearing for this rules violation report. During the hearing, plaintiff told defendant Wise that he would be exercising his constitutional rights at the hearing, and that he would file a civil rights complaint if those rights were transgressed. At that point, defendant Wise ordered extra security in the hearing room. Defendants Broadstone and Zuniga and Sergeant Pierscinscki arrived to provide additional security.

After the additional security arrived, plaintiff again explained that he would file a civil rights action if his due process rights were violated during the hearing. Plaintiff alleges that during the hearing, he asked to present a video surveillance tape as evidence. Plaintiff alleges that defendant Wise pretended to make a few phone calls then declared the tape was unavailable. Plaintiff alleges that this was not true because the tape had already been used to convict another inmate for violating prison rules.

Plaintiff alleges that defendant Wise denied his request to call inmate Maxwell as a witness. Plaintiff then began explaining his defense to defendant Wise. Plaintiff alleges that defendant Wise interrupted plaintiff's defense and declared plaintiff guilty. Plaintiff alleges that after he left, defendants Wise, Broadstone and Zuniga agreed that they would punish plaintiff for threatening to file a civil rights lawsuit during the hearing.

Plaintiff alleges that later that day, defendant Zuniga delivered to him a worksheet issued by defendant Wise. The worksheet stated that plaintiff had lost 90 days of day yard as a result of being found guilty of the rules violation. The next day, plaintiff wrote a Request for Interview to

defendant Wise stating that as a third watch worker, plaintiff cannot lose his day yard as that would deprive him of all outdoor exercise in violation of the Eighth Amendment.

Plaintiff alleges that defendant Wise later came to plaintiff's housing unit. Plaintiff told defendant Wise that he had imposed an unconstitutional punishment. Defendant Wise refused to change the punishment so that plaintiff could obtain some outdoor yard time. Defendant Wise told plaintiff, "you actually think I care about your constitutional rights? If you have a problem with it, file a 602."

Plaintiff alleges that "mandatory yard" was announced on May 7, 2018. Plaintiff explained to Correctional Officers Martinez and Wagner that he had lost all his yard and asked if he was expected to go to the mandatory yard or stay in the building. The officer told plaintiff to go outside.

Plaintiff alleges that while he was outside, defendant Broadstone went to plaintiff's bunk area and "violently demolished it." Plaintiff alleges that no obvious hiding spots had been investigated. Plaintiff alleges that it took him three hours to clean up his bunk area.

Plaintiff alleges that the next day, he received a rules violation report issued by defendant Zuniga, alleging that plaintiff had disobeyed a direct order by going to mandatory yard. These charges were later dismissed "in the interest of justice."

Plaintiff alleges that he was allowed to resume outdoor exercise on July 22, 2018. Plaintiff alleges that defendant Matteson reviewed plaintiff's grievance challenging the rules violation report for which he was punished by the loss of exercise for 90 days. Plaintiff alleges that defendant Matteson wrongly "endorsed, ratified and acquiesced" the punishment.

Plaintiff alleges that as a result of being denied outdoor exercise for 90 days, he suffered medical injury.

Plaintiff alleges the following legal claims. In claim one, plaintiff alleges that defendants Wise, Broadstone and Zuniga engaged in a conspiracy to violate his constitutional rights pursuant to 42 U.S.C. § 1985. Plaintiff claims that in furtherance of the conspiracy, defendant Broadstone destroyed plaintiff's bunk area and defendant Zuniga brought false disciplinary charges.

////

In claim two, plaintiff alleges that defendant Wise violated his Eighth Amendment rights by denying him outdoor exercise for 90 days. Plaintiff alleges that defendant Matteson also violated his Eighth Amendment rights when he endorsed this punishment.

In claim three, plaintiff alleges that defendants Wise, Broadstone and Zuniga retaliated against him for threatening to file a civil rights complaint by denying him outdoor exercise, destroying his bunk area and filing false charges.

In claim four, plaintiff alleges a violation of the California Tort Claims Act.

III. Discussion of Plaintiff's Claims

　　A. Alleged Denial of Outdoor Exercise

*Defendant Wise*

The undersigned first considers plaintiff's claim regarding the denial of outdoor exercise. A claim that an inmate was denied outdoor exercise for 90 days as part of his punishment for violating prison rules violations, and suffered medical injury, states a potentially colorable Eighth Amendment claim. See Underwood v. Cox, 2017 WL 6055828 at *5 (E.D. Cal. 2017). Accordingly, plaintiff has stated a potentially colorable Eighth Amendment claim against defendant Wise.

*Defendant Matteson*

Plaintiff alleges that defendant Matteson denied plaintiff's grievance challenging the loss of outdoor exercise. It is unclear whether defendant Matteson denied plaintiff's grievance during the 90 days he allegedly received no outdoor exercise or after the 90 days passed. For this reason, the undersigned cannot determine whether plaintiff has stated a potentially colorable claim against defendant Matteson.

In addition, ratification of an unconstitutional act by superiors after the fact will only support liability when the superiors' past actions were the moving force behind the constitutional violation in the first place. Williams v. Ellington, 936 F.2d 881, 884–885 (9th Cir. 1991). If defendant Matteson denied plaintiff's grievance after the 90 days period ended, defendant Matteson may only be liable if his past actions were the moving force behind the alleged constitutional violation.

For the reasons discussed above, plaintiff's Eighth Amendment claim against defendant Matteson is dismissed with leave to amend.

B. Retaliation

Within the prison context, a retaliation claim consists of (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff claims that defendant Wise retaliated against him for threatening to file a lawsuit by denying him outdoor exercise for 90 days. Plaintiff claims that defendant Broadstone retaliated against him for threatening to file a lawsuit by "destroying" his bunk area. Plaintiff claims that defendant Zuniga retaliated against him for threatening to file a lawsuit by filing false disciplinary charges. Plaintiff states potentially colorable retaliation claims against these defendants.

C. Conspiracy

Section 1985 creates a civil action for damages caused by two or more persons who "conspire ... for the purpose of depriving" the injured person of "the equal protection of the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). Thus, to state a violation of § 1985(3), a plaintiff must "allege and prove four elements":

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Fazaga v. Fed. Bureau of Investigation, 916 F.3d 1202, 1245 (9th Cir. 2019) (quoting United Bhd. Of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983).

////

Plaintiff does not allege "invidiously discriminatory, racial or class-based animus, which is necessary to state a claim under section 1985(3)." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989). Accordingly, plaintiff's conspiracy claim, pursuant to 42 U.S.C. § 1985, is dismissed.

### D. California Tort Claims Act

The Government Claims Act requires exhaustion of plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and plaintiff is required to specifically allege compliance in his complaint. State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim– Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has failed to allege compliance with the Government Claims Act. Accordingly, plaintiff's claim pursuant to the California Tort Claims Act is dismissed.

## IV. Conclusion

Plaintiff may proceed forthwith to serve defendant Wise with his Eighth Amendment claim and defendants Wise, Broadstone and Zuniga with his retaliation claims, or he may delay serving any defendant and attempt to cure the pleading defects discussed above.

If plaintiff elects to attempt to amend his complaint, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Wise, Broadstone and Zuniga with the Eighth Amendment and retaliation claims found potentially colorable above, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of these defendants. In this event the court will construe plaintiff's election as consent to dismissal of the conspiracy claim against all defendants and the Eighth Amendment claim against defendant Matteson.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named

defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's

pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose

9

sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The conspiracy claim against all defendants and the Eighth Amendment claim against defendant Matteson are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state a potentially cognizable conspiracy claim and a potentially cognizable Eighth Amendment claim against defendant Matteson. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable retaliation claims against defendants Wise, Broadstone and Zuniga and a potentially cognizable Eighth Amendment claim against defendant Wise. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to these defendants, he shall return the attached notice within thirty days of service of this order.

////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 1, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wit974.14(2)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>             Plaintiff,<br><br>   v.<br><br>D. WISE, et al.,<br><br>             Defendants. | No.  2: 19-cv-975 KJM KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

_____     Plaintiff opts to proceed with the original complaint as to defendants Wise, Broadstone and Zuniga.  Plaintiff consents to dismissal of his conspiracy claim against all defendants and his Eighth Amendment claim against defendant Matteson.

OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                 _____
                                                 Plaintiff