UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,

        Plaintiff,

   v.

D. WISE, et al.,

        Defendants.

No. 2: 19-cv-0974 KJM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to modify the scheduling order and stay discovery. (ECF No. 27.) For the reasons stated herein, defendants' motion is denied.

This action proceeds on plaintiff's amended complaint filed August 12, 2019 (ECF No. 12) as to the following claims: 1) defendants Wise and Matteson allegedly violated plaintiff's Eighth Amendment right to outdoor exercise; 2) defendants Wise, Broadstone and Zuniga allegedly retaliated against plaintiff for threatening to bring a civil rights action in violation of the First Amendment; and 3) defendants Wise, Broadstone, Zuniga and Matteson allegedly violated the California Tort Claims Act. (ECF No. 15.)

On February 28, 2020, the court issued a scheduling order setting the discovery deadline for June 26, 2020 and the dispositive motion deadline for September 11, 2020. (ECF No. 26.)

1

Defendants request an order modifying the scheduling order to vacate all existing scheduling and discovery deadlines and limiting discovery to the issue of administrative exhaustion until the court rules on defendants' forthcoming summay judgment motion which will be made on the grounds that plaintiff failed to exhaust administrative remedies as to his First Amendment retaliation and state law retaliation claims. Defendants argue that a decision on exhaustion as to plaintiff's First Amendment retaliation and state law retaliation claims will potentially eliminate the need for discovery on many of the issues and allegations in plaintiff's first amended complaint. Defendants state that they will file the motion on the issue of exhaustion of plaintiff's First Amendment retaliation claims and state law retaliation claims within thirty days of the court's order on the instant motion.

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion. Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at * 5 (E.D. Cal. 2011) (citing Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6))).

District courts look unfavorably upon blanket stays of discovery when a potentially dispositive motion is pending. Id. at 6. A motion for protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." Id.

Federal district courts in California have applied a two-part test when evaluating a request to stay. Id. "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Id. "Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Id. "Discovery should proceed if either prong of this test is not met." Id.

"District courts have also consistently found that a judge deciding whether to issue a stay of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue." Id. at 8 (citing Quest Commc'ns Corp v. Herakles, LLC., 2007 WL 2288299, at *2 (E.D. Cal. 2007); Seven Springs Ltd. Partnership v. Fox Capital Management Corp., 2007 WL 1146607, at *2 (E.D. Cal. 2007); GTE Wireless, Inc. v. Qualcom, 192 F.R.D.

284, 286 (S.D. Cal. 2000)).

Defendants' motion to stay discovery is denied because defendants failed to file the summary judgment motion on which the pending motion to stay is based. The undersigned cannot evaluate the pending motion to stay without taking a "peek" at the merits of the potentially dispositive summary judgment motion.

Moreover, the pending motion appears overbroad. Defendants seek to stay discovery as to the merits of all of plaintiff's claims, including plaintiff's Eighth Amendment and related state law claims. According to defendants, the summary judgment motion they plan to file does not argue that plaintiff failed to exhaust administrative remedies as to his Eighth Amendment and related state law claims.

For the reasons discussed above, defendants' motion to stay discovery is denied without prejudice to its refiling once defendants file the motion for summary judgment based on alleged failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to stay discovery (ECF No. 27) is denied without prejudice.

Dated: March 12, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wit974.mod