UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>    Plaintiff,<br><br>  v.<br><br>D. WISE, et al.,<br><br>    Defendants. | No. 2: 19-cv-0974 KJM KJN P<br><br><br>ORDER |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' June 3, 2020 motion to modify the scheduling order and limit discovery. (ECF No. 33.) Also pending is plaintiff's June 10, 2020 motion to modify the scheduling order and June 15, 2020 motion to amend. (ECF Nos. 35, 37.)

  Plaintiff filed an opposition to defendants' motion to modify the scheduling order. (ECF No. 36.) Defendants opposed plaintiff's motion to amend. (ECF No. 42.) Defendants did not file an opposition to plaintiff's motion to modify the scheduling order.

Background

  This action proceeds on plaintiff's amended complaint filed August 12, 2019 (ECF No. 12), as to the following claims: 1) defendants Wise and Matteson allegedly violated plaintiff's Eighth Amendment right to outdoor exercise; 2) defendants Wise, Broadstone and Zuniga allegedly retaliated against plaintiff for threatening to bring a civil rights action in violation of the

1

1  First Amendment; and 3) defendants Wise, Broadstone, Zuniga and Matteson allegedly violated
2  the California Tort Claims Act.
3       Pursuant to the February 28, 2020 scheduling order, the discovery deadline was June 26,
4  2020, and the dispositive motion deadline is September 11, 2020.  (ECF No. 26.)
5       On March 3, 2020, defendants filed a motion to modify the scheduling order and stay
6  discovery.  (ECF No. 27.)  In this motion, defendants requested that the court modify the
7  scheduling order to vacate all existing discovery and dispositive motion deadlines and limit
8  discovery until the court ruled on defendants' forthcoming summary judgment motion, which
9  would be made on the grounds that plaintiff failed to exhaust administrative remedies as to his
10 First Amendment retaliation and related state law claims.
11      On March 12, 2020, the undersigned denied defendants' March 3, 2020 motion to modify
12 the scheduling order and stay discovery.  (ECF No. 28.)  The undersigned denied defendants'
13 motion because defendants failed to file the summary judgment motion on which the motion to
14 modify the scheduling order was based.
15      On June 2, 2020, defendants filed a motion for partial summary judgment.  (ECF No. 31.)
16 In this motion, defendants argue that plaintiff failed to exhaust administrative remedies as to his
17 First Amendment retaliation claims and related state law claims.
18      On June 3, 2020, defendants filed the pending motion to modify the scheduling order and
19 stay discovery.  (ECF No. 33.)  In this motion, defendants request that discovery regarding the
20 merits of plaintiff's retaliation and related state law claims be stayed because the pending
21 summary judgment will potentially eliminate the need for discovery as to the merits of these
22 claims.  Defendants also request that the discovery and dispositive motion deadlines be vacated
23 because, due to the spread of COVID 19, defense counsel is unable to depose plaintiff "for the
24 forseeable future."  Defendants also argue that they cannot determine the scope of appropriate
25 topics for the deposition and written discovery until their pending summary judgment motion is
26 resolved.
27      In his pending motion to modify the scheduling order, plaintiff requests an extension of
28 time to serve defendants with one final set of discovery requests and a motion to compel based on

1   the responses to the final set of discovery requests, if appropriate.  (ECF No. 35.)

2   <u>Defendants' Motion to Stay Discovery Regarding the Merits of Plaintiff's Retaliation and Related</u>

3   <u>State Law Claims</u>

4         A party may seek a protective order that stays discovery pending resolution of a

5   potentially dispositive motion.  <u>Mlejnecky v. Olympus Imaging America, Inc.</u>, 2011 WL 489743,

6   at *5 (E.D. Cal. 2011) (citing <u>Wenger v. Monroe</u>, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming

7   district court's grant of protective order staying discovery pending resolution of motion to dismiss

8   filed pursuant to Federal Rule of Civil Procedure 12(b)(6)).)

9         District courts look unfavorably upon blanket stays for discovery where a potentially

10  dispositive motion is pending.  <u>Id.</u> at *6.  A motion for protective order seeking to preclude

11  discovery must be supported by "good cause" and a "strong showing."  <u>Id.</u>

12        Federal district courts in California have applied a two-part test when evaluating a request

13  to stay.  <u>Id.</u>  "First, the pending motion must be potentially dispositive of the entire case, or at

14  least dispositive on the issue at which discovery is aimed."  <u>Id.</u>  Second, the court must determine

15  whether the pending, potentially dispositive motion can be decided absent additional discovery."

16  <u>Id.</u>  "Discovery should proceed if either prong of this test is not met."  <u>Id.</u>

17        "District courts have also consistently found that a judge deciding whether to issue a stay

18  of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating

19  whether a stay should issue."  <u>Id.</u> at *8 (citations omitted.)

20        Defendants' pending partial summary judgment motion is potentially dispositive of the

21  claims on which defendants seek to stay discovery.  In addition, in his opposition to the pending

22  motion to stay, plaintiff does not claim that he requires additional discovery to file an opposition.

23  (<u>See</u> ECF No. 36.)  Accordingly, the pending motion can be decided absent additional discovery.

24        In his opposition, plaintiff argues that defendants' motion to stay should be denied

25  because the summary judgment is without merit.  After taking a "peek" at defendants' summary

26  judgment motion, the undersigned cannot determine that it is without merit.  Accordingly,

27  plaintiff's objection that the motion to stay should be denied because the summary judgment is

28  without merit is overruled.

1    For the reasons discussed above, defendants' motion to stay discovery as to the merits of
2    plaintiff's retaliation and related state law claims is granted.

3    Defendants' Motions to Modify the Scheduling Order

4    The court will modify dates set forth in a scheduling order only upon a showing of good
5    cause by the moving party. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975
6    F.2d 604, 608 (9th Cir. 1992). The "good cause" standard "primarily considers the diligence of
7    the party seeking the amendment." 975 F.2d at 609.

8    Defendants move to vacate the discovery and dispositive motion deadlines until their
9    pending partial summary judgment is resolved. After reviewing defendants' motion, it does not
10   appear that defendants have conducted any discovery. It also appears that defendants do not
11   intend to conduct any discovery until the pending partial summary judgment motion is resolved.

12   In support of the pending motion, defendants first argue that they are "indefinitely" unable
13   to depose plaintiff. The undersigned finds that defendants have not shown good cause to modify
14   the scheduling order as requested on these grounds. Defendants have not addressed what steps
15   they took to depose plaintiff by Zoom, video conference or telephone. See Fed. R. Civ. P.
16   30(b)(4) ("The parties may stipulate -- or the court on motion order -- that a deposition be taken
17   by telephone or other remote means.") Accordingly, the motion to vacate the discovery and
18   dispositive motion deadlines on these grounds is denied.

19   Defendants also move to vacate the discovery and dispositive motion deadlines on the
20   grounds that they will not know the scope of topics of plaintiff's deposition and written discovery
21   until the pending summary judgment motion is resolved.

22   Defendants waited until almost the close of discovery to file the pending motion to modify
23   the scheduling order. In addition, it appears that defendants have conducted no discovery. For
24   these reasons, the undersigned finds that defendants did not act diligently in their attempt to
25   comply with the deadlines set in the scheduling order.

26   For the reasons discussed above, the undersigned finds that defendants have not shown
27   good cause to modify the scheduling order. Accordingly, defendants' motion to modify the
28   scheduling order is denied. Instead, the undersigned orders that defendants may not conduct any

4

discovery until the pending motion for partial summary judgment is resolved. Following resolution of that motion, defendants will be granted a short time to conduct limited discovery.[1]

Plaintiff's Motion to Extend the Discovery Deadline

On June 10, 2020, plaintiff filed a motion to extend the discovery deadline. (ECF No. 35.) Plaintiff alleges that due to the COVID-19 crisis, he does not have adequate law library access. Plaintiff alleges that he served defendants with his initial discovery requests on March 8, 2020. Plaintiff received responses from defendants on April 29, 2020. Plaintiff alleges that he served a second set of discovery requests on May 1, 2020. Plaintiff requests an extension of time so that he may serve defendants with a "final round" of discovery.

Good cause appearing, plaintiff's motion to extend the discovery deadline is granted. Plaintiff may serve defendants with one set of discovery requests, i.e., interrogatories, request for production of documents *or* request for admissions, within thirty days of the date of this order. Defendants shall serve plaintiff with their responses within thirty days thereafter. Plaintiff is granted thirty days thereafter to file a motion to compel regarding defendants' responses, if appropriate.

Plaintiff's discovery requests to defendants shall not address the merits of his retaliation and related state law claims because discovery as to these claims is stayed.

Plaintiff's Motion to Amend

On June 15, 2020, plaintiff filed a motion for leave to amend his complaint. (ECF No. 37.) On July 6, 2020, defendants filed an opposition to this motion. (ECF No. 42.)

Plaintiff's motion to amend was not accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Accordingly, plaintiff's motion to amend is denied.

////

---

[1] In essence, defendants' motion to modify the scheduling order requests that the court allow both parties to conduct discovery indefinitely. The undersigned is not willing to allow the parties to engage in this sort of unlimited discovery.

<u>Defendants' Motion for Partial Summary Judgment</u>

In plaintiff's opposition to defendants' motion to modify the scheduling order, plaintiff alleges that he did not receive defendants' motion for partial summary judgment. Accordingly, defendants are ordered to reserve plaintiff with the motion for partial summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order (ECF No. 33) is granted in part and denied in part; defendants' motion to vacate the discovery and dispositive motion deadlines is denied; defendants' request to stay discovery regarding the merits of plaintiff's retaliation and related state law claims pending the resolution of defendants' partial summary judgment motion is granted;

2. Discovery by defendants is stayed pending resolution of the partial summary judgment motion; following resolution of defendants' partial summary judgment motion, defendants will be granted a short time to conduct limited discovery;

3. Plaintiff's motion to modify the scheduling order (ECF No. 35) is granted; plaintiff may serve defendants with one set of discovery requests within thirty days of the date of this order; defendants shall serve plaintiff with their responses within thirty days thereafter; plaintiff is granted thirty days thereafter to file a motion to compel regarding defendants' responses;

4. Plaintiff's motion to amend (ECF No. 37) is denied;

5. Defendants shall re-serve plaintiff with the motion for partial summary judgment within seven days of the date of this order; defendants shall proof of re-service within that time;

6. Plaintiff is granted forty-five days from the date of this order to file his opposition to defendants' partial motion for summary judgment;

7. The September 11, 2020 dispositive motion deadline is vacated.

Dated: July 21, 2020

Wit974.sta

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE