UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>              Plaintiff,<br><br>     v.<br><br>D. WISE, et al.,<br><br>              Defendants. | No.  2: 19-cv-0974 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to file a second amended complaint.  (ECF No. 48.)  On August 24, 2020, defendants filed an opposition to plaintiff's motion to amend.  (ECF No. 50.)  On September 3, 2020, plaintiff filed a reply.  (ECF No. 54.)

For the reasons stated herein, the undersigned recommends that plaintiff's motion to amend be granted in part and denied in part.

II.     Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W.

1

Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not weighed equally.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Undue delay, "by itself...is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

III.     Background

   A.   Operative First Amended Complaint

This action proceeds on plaintiff's first amended complaint filed August 12, 2019, as to defendants Wise, Broadstone, Zuniga and Matteson.  (ECF No. 12.)  Plaintiff alleges that defendant Wise violated the Eighth Amendment and state law by imposing a 90 days loss of outdoor exercise after finding plaintiff guilty of a rules violation.  Plaintiff alleges that defendant Matteson violated the Eighth Amendment and state law by upholding defendant Wise's decision to impose the 90 days loss of outdoor exercise.

Plaintiff also alleges that defendants Wise, Broadstone and Zuniga violated the First Amendment and state law when they allegedly retaliated against plaintiff for threatening to bring a civil rights action.  The undersigned has separately recommended that defendants' motion for partial summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies as to his First Amendment retaliation and related state law claims be granted.  (ECF No. 55.)

Plaintiff's first amended complaint also raised a conspiracy claim pursuant to 42 U.S.C. § 1985(c). The court dismissed plaintiff's conspiracy claim for failing to state a potentially colorable claim for relief. (ECF No. 19.)

### B. Proposed Second Amended Complaint

The proposed second amended complaint raises the same claims as the first amended complaint. (ECF No. 49.) The proposed second amended complaint adds a new claim against defendant Wise for alleged violation of plaintiff's due process rights and state law at the disciplinary hearing. (Id.)

## IV. Discussion

Defendants' opposition only addresses plaintiff's new claims alleging that defendant Wise violated his right to due process and state law at the disciplinary hearing.

### A. Retaliation and Related State Law Claims

On September 9, 2020, the undersigned recommended that defendants' motion for partial summary judgment as to plaintiff's retaliation and related state law claims be granted on the grounds that plaintiff failed to exhaust administrative remedies as to these claims. (ECF No. 55.) Based on these pending findings and recommendations, the undersigned recommends that plaintiff's motion to file a second amended complaint raising the retaliation and related state law claims be denied.

### B. Conspiracy Claim

The conspiracy claim raised in the proposed second amended complaint does not cure the pleading defects of the conspiracy claim raised in the first amended complaint. Section 42 U.S.C. § 1985 creates a civil action for damages caused by two or more persons who "conspire…for the purpose of depriving" the injured person of "the equal protection of the laws" and take or cause to be taken "any furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3).

In the proposed second amended complaint, as in the first amended complaint, plaintiff does not allege race or class-based discrimination, which is necessary to state a claim under 42 U.S.C. § 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc). Accordingly, plaintiff's motion to file a second amended complaint raising the conspiracy claim should be

3

denied.

### C. Due Process Claim Against Defendant Wise

*Prejudice*

Defendants argue that they would be prejudiced if plaintiff is allowed to amend his complaint to add a due process (and related state law) claim against defendant Wise because allowing this amendment would require reopening discovery and delay resolution of this action. Defendants state that although they have conducted written discovery pertaining to the claims alleged in plaintiff's first amended complaint, they have not undertaken discovery pertaining to an alleged violation of plaintiff's due process rights. To put this argument in context, the undersigned sets forth the following background information.

On July 22, 2020, the undersigned denied defendants' motion to modify the scheduling order on the grounds that they failed to show good cause in support of their request. (ECF No. 45 at 4-5.) In the July 22, 2020 order, the undersigned observed that, "[i]n essence, defendants' motion to modify the scheduling order requests that the court allow both parties to conduct discovery indefinitely." (Id. at 5 n. 1.) In the July 22, 2020 order, the undersigned ordered that defendants could not conduct discovery until the pending motion for partial summary judgment was resolved. (Id.) When defendants' motion for partial summary judgment is resolved, the undersigned will grant defendants a short time to conduct limited discovery, including taking plaintiff's deposition. (Id.)

On July 22, 2020, the undersigned also granted plaintiff's motion to extend the discovery deadline. (Id. at 5.) The undersigned ordered that plaintiff could serve defendants with one set of discovery requests, i.e., interrogatories, request for production of documents or request for admissions, within thirty days of the date of the order. (Id.)

Allowing plaintiff to amend his complaint to add the due process and related state law claims will require reopening discovery for plaintiff as to these claims. Defendants, for whom discovery is not closed, would be permitted to conduct discovery as to these new claims. However, plaintiff's new due process and state law claims are relatively straightforward and will not require extensive discovery. Moreover, as discussed in the July 22, 2020 order, this action

4

has already been delayed by defendants filing the motion for partial summary judgment on the eve of the discovery cut-off date.[1]

For this reason, the undersigned does not find that defendants will be significantly prejudiced if plaintiff is granted leave to file the second amended complaint raising his due process and related state law claims.

*Undue Delay*

Defendants argue that plaintiff engaged in undue delay in raising his due process (and related state law) claim.

An unjustified delay is "undue" for the purposes of the Rule 15 analysis. Western Shoshone Nat. Council v. Molini, 951 F.2d 200, 204 (9th Cir. 2000. It is within the court's discretion to deny leave to amend when the amendment proposes adding new claims that movants knew or should have known about when the earlier pleading was filed. AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 953 (9th Cir. 2006). The court should consider whether there has been "undue delay" in the context of the following: (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. Wizards of the Coast LLC v. Cryptozoic Entertainment LLC, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798–99 (9th Cir. 1991)).

In the motion to amend, plaintiff alleges that his failure to include his due process claim in the amended complaint was based on "oversight." (ECF No. 48 at 2.) The undersigned observes that plaintiff filed an administrative grievance raising his due process claims. (See ECF No. 31-5 at 16.) Therefore, plaintiff knew of the facts underlying his due process claim at the time he filed this action.

As discussed above, discovery is closed for plaintiff but not for defendants. In addition,

---

[1] Defendants' argument that they will be prejudiced if plaintiff is allowed to amend his complaint because it will require reopening discovery is somewhat inconsistent with the position they took in their motion to modify the scheduling order. As discussed above, in the motion to modify the scheduling order, defendants requested that discovery remain open for both parties indefinitely.

1 no deadline for filing dispositive motions or trial date have been set.

2 The undersigned finds that the second and third factors do not weigh against plaintiff, given that he filed his motion to amend before the dispositive motion deadline and trial dates were set. While plaintiff filed the motion to amend after discovery closed for plaintiff, discovery is still open for defendants. However, the length of the delay prior to plaintiff's filing of his motion outweighs these factors.

*Bad Faith*

Defendants argue that plaintiff acted in bad faith by seeking to amend his complaint during the pendency of their pending motion for partial summary judgment. In support of this argument, defendants cite Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (9th Cir. 1999). In Lockheed, facing a summary judgment motion, Lockheed sought to amend its complaint to add causes of action on which discovery had not been undertaken. 194 F.3d at 986. The district court found that this might reflect bad faith on the part of Lockheed. Id. The Ninth Circuit upheld this finding. Id.

In the instant case, plaintiff filed his proposed amended complaint while defendants' motion for partial summary judgment was pending. As discussed above, defendants' motion for partial summary judgment argued that plaintiff failed to exhaust administrative remedies as to his retaliation and related state law claims. Defendants' motion for partial summary judgment in the instant action is not dispositive of the entire action, like the summary judgment motion in Lockheed. Accordingly, the undersigned does not find that plaintiff's motion to file the second amended complaint was made in bad faith.

*Futility*

Defendants argue that plaintiff's proposed due process claim is futile because it does not state a potentially colorable claim for relief. In particular, defendants argue that plaintiff does not allege that he was deprived of a liberty interest following the at-issue disciplinary hearing that entitled him to due process.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a

1  claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property
2  interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977);
3  Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

4      Liberty interests can arise both from the Constitution and from state law.  See Hewitt v.
5  Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976).  In
6  determining whether the Constitution itself protects a liberty interest, the court should consider
7  whether the practice in question "...is within the normal limits or range of custody which the
8  conviction has authorized the State to impose."  Wolff, 418 U.S. at 557-58.

9      In determining whether state law confers a liberty interest, the Supreme Court has adopted
10 an approach in which the existence of a liberty interest is determined by focusing on the nature of
11 the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  The Supreme Court held
12 that state law creates a liberty interest deserving of protection only where the deprivation in
13 question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and
14 (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents
15 of prison life."  Id. at 483-84.  Prisoners in California have a liberty interest in the procedures
16 used in prison disciplinary hearings where a successful claim would not necessarily shorten the
17 prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding
18 that a due process challenge to a prison disciplinary hearing which did not result in the loss of
19 good-time credits was cognizable under § 1983).

20     In the second amended complaint, plaintiff alleges that after violating plaintiff's due
21 process rights at the disciplinary hearing, defendant Wise found plaintiff guilty and imposed a
22 punishment of 90 days loss of outdoor exercise.  The loss of 90 days of outdoor exercise states a
23 potentially colorable Eighth Amendment claim for relief.  See Castle v. Lugo, 2020 WL 4355305,
24 at *8 (C.D. Cal. May 15, 2020) (citing Lopez v. Smith, 203 F.3d 1122, 1133 n. 15 (9th Cir. 2000)
25 (citing Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1995).)  The undersigned finds that this
26 alleged Eighth Amendment violation imposed an atypical and significant hardship in relation to
27 the ordinary incidents of prison life.  Therefore, plaintiff has stated a potentially colorable due
28 process claim.  Defendants' argument that plaintiff's proposed amendment is futile is without

7

merit.

*Previous Amendments*

Plaintiff has amended his complaint once. On May 28, 2019, plaintiff filed the original complaint. (ECF No. 1.) On August 2, 2019, the undersigned granted plaintiff leave to file an amended complaint, having found some claims colorable and some claims not colorable. (ECF No. 8.) On August 12, 2019, plaintiff filed the operative first amended complaint. (ECF No. 12.)

*Conclusion*

As discussed above, defendants would not be significantly prejudiced were plaintiff allowed to file the second amended complaint raising the new due process and related state law claims. Plaintiff's proposed amendments are neither futile nor made in bad faith. The only factor weighing against plaintiff is his delay in raising the proposed amendments. However, undue delay, "by itself...is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001).

Having weighed the factors discussed above, the undersigned finds that plaintiff's motion to file a second amended complaint raising the due process and related state law claims should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to file a second amended complaint (ECF No. 48) be granted as to plaintiff's request to add a due process claim and related state law claim against defendant Wise; plaintiff's motion to file a second amended complaint be denied as to the request to add a conspiracy claim and retaliation and related state law retaliation claims;

2. Defendants be ordered to file a response to the potentially colorable claims in the second amended complaint within thirty days of the district court's adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 15, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wit974.ame