UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Witkin, | No. 2:19-cv-0974-KJM-KJN-P |
| Plaintiff, | ORDER |
| v. | |
| D. Wise, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The matter is before the court on two sets of findings and recommendations issued by the assigned magistrate judge: those filed September 9, 2020, recommending to grant the defendants' motion for partial summary judgment, ECF No. 55, and those filed September 16, 2020, recommending to grant Mr. Witkin's motion for leave to amend his complaint, ECF No. 56.  Mr. Witkin objected to the findings and recommendations on the motion for partial summary judgment.  ECF No. 61.  Neither party objected to the findings and recommendations related to Mr. Witkin's motion for leave to further amend his complaint.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case and adopts the Magistrate Judge's

1

1  recommendations for both pending motions.  The court writes separately here to address Mr.
2  Witkin's objections, which, as noted, relate only to the motion for partial summary judgment.
3  Those objections rest on two broad contentions.

4  He objects first that the Magistrate Judge did not devote sufficient attention to his
5  argument that the prison falsified the administrative record, cancelled his administrative claim,
6  and otherwise withheld any true chance of administrative review.  *See, e.g.*, Obj. at 2, 3–5, 9–16.
7  He faults the Magistrate Judge specifically for not discussing *Ross v. Blake*, 136 S. Ct. 1850
8  (2016).  In *Blake*, the Court rejected a "special circumstances" test for exhaustion previously
9  employed in the Fourth and Second Circuits, but it explained "circumstances in which an
10 administrative remedy, although officially on the books, is not capable of use to obtain relief,"
11 and is thus not "available" under 42 U.S.C. § 1997e(a).  *Id.* at 1859–60.

12 The Magistrate Judge's analysis of these points is correct.  The findings and
13 recommendations indeed cite and quote relevant holdings from *Blake*.  *See* F&Rs re Summ. J. at
14 4.  They also make clear that the Prison Litigation Reform Act does not force litigants to pursue
15 administrative remedies that are effectively unavailable.  *See id.* at 11–12 (citing *Sapp v.
16 Kimbrell*, 623 F.3d 813 (9th Cir. 2010)).  In any event, Mr. Witkin cannot succeed with
17 arguments about the cancellation of his administrative appeal.  As the Magistrate Judge correctly
18 explained, Mr. Witkin appealed the cancellation and prevailed; his administrative claim was
19 reinstated.  *See id.* at 9–10; *see also* Moseley Decl. Ex. E at 3.  But he did not pursue the
20 reinstated claim beyond the second level of review despite an instruction that such an appeal was
21 available.  *See* F&Rs re Summ J. at 11; *see also* Petty Decl. ¶ 20 & Ex. L, ECF No. 31-5.  He
22 therefore did not exhaust his available administrative remedies.  *See Jackson v. Fong*, 870 F.3d
23 928, 933 (9th Cir. 2017) ("Administrative exhaustion within California requires the completion of
24 the third level of administrative review.").

25 Mr. Witkin next argues the Magistrate Judge incorrectly found that his administrative
26 complaints addressed only one of the three defendants who allegedly retaliated against him
27 (Officer Broadstone).  *See* Obj. at 6–9; F&Rs at 14.  But the Magistrate Judge correctly found that
28 the reinstated administrative appeal addressed the claims against only Officer Broadstone.  *See*

F&Rs at 14; Petty Decl. Ex. L.  And as summarized above, Mr. Witkin did not pursue an appeal of that claim to the third level in any event.  The claims against the three officers were not exhausted.

    1. The findings and recommendations filed September 9 and 16, 2020 (ECF Nos. 55 & 56) are adopted in full.

    2. Defendants' motion for partial summary judgment (ECF No. 31) is **granted**.

    3. Plaintiff's motion to file a second amended complaint (ECF No. 48) is **granted in part** as to plaintiff's request to add a due process claim and related state law claim against defendant Wise.  His motion to file a second amended complaint is **denied in part** as to the request to add a conspiracy claim and retaliation and related state law retaliation claims.

    4. Defendants are directed to file a response to the potentially colorable claims in the second amended complaint **within thirty days** of the filing of this order.

    IT IS SO ORDERED.

DATED:  December 2, 2020.

CHIEF UNITED STATES DISTRICT JUDGE