UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2: 19-cv-0974 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. WISE, et al., | |
| Defendants. | |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel. (ECF No. 64.)

In the pending motion to compel, plaintiff seeks further responses to the following discovery requests: 1) request for production of documents no. 5 to defendant Wise; 2) request for production of documents no. 1 to defendant Matteson; 3) special interrogatory no. 4, set one, to defendant Matteson; 4) special interrogatory no. 2, set three, to defendant Wise; 5) special interrogatory no. 8, set one, to defendant Matteson; and 6) special interrogatory no. 6, set three, to defendant Wise.

Legal Standard

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

1

1 defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. The opposing party "has the burden to show that discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

Discussion

*Background*

At the time plaintiff filed the motion to compel on November 16, 2020, this action proceeded on plaintiff's amended complaint as to defendants Wise, Broadstone, Zuniga and Matteson. (ECF No. 12.) Plaintiff alleged that on or around April 23, 2018, defendant Wise violated the Eighth Amendment and state law by imposing a 90 days loss of outdoor exercise after finding plaintiff guilty of a rules violation report charging plaintiff with refusing to obey a direct order in violation of California Code of Regulations title 15, § 3005(b). Plaintiff also alleged that on or around May 31, 2018, defendant Matteson violated the Eighth Amendment and state law by upholding defendant Wise's decision to impose the 90 days loss of outdoor exercise.

On December 2, 2020, the court dismissed plaintiff's claims, raised in the amended complaint, alleging that defendants Wise, Broadstone and Zuniga violated the First Amendment and state law when they allegedly retaliated against plaintiff for threatening to bring a civil rights action. (ECF No. 65.) On December 2, 2020, the court also granted plaintiff's motion to file an

1  amended complaint raising a due process and related state law claim against defendant Wise.
2  (ECF No. 65.)
3        Thus, the pending discovery requests are related to plaintiff's Eighth Amendment and
4  related state law claims against defendants Wise and Matteson based on the alleged denial of
5  exercise.
6        In evaluating the relevancy of the at-issue discovery requests, the undersigned has
7  considered the legal standard for plaintiff's Eighth Amendment claims.
8        Outdoor exercise is a basic human need protected by the Eighth Amendment, and the
9  denial of outdoor exercise may violate the Constitution.  See Thomas v. Ponder, 611 F.3d 1144,
10 1151-52 (9th Cir. 2010).  When an inmate alleges the denial of adequate outdoor exercise, the
11 inquiry is fact-specific, and the reviewing court must consider the circumstances, nature, and
12 duration of the deprivation.  See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).
13       To sufficiently allege an Eighth Amendment violation, a plaintiff must meet both
14 objective and subjective requirements.  Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000).
15 "Under the objective requirement, the prison official's acts or omissions must deprive an inmate
16 of the minimal civilized measure of life's necessities.  The subjective requirement, relating to the
17 defendant's state of mind, requires deliberate indifference."  Id. at 1133 (quoting Allen v. Sakai,
18 48 F.3d 1082, 1087 (9th Cir. 1995)).
19       An inmate establishes a prison official's deliberate indifference by showing that the
20 official "knows that inmates face a substantial risk of serious harm and disregards that risk by
21 failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).
22 Thus, the deliberate indifference inquiry has two parts: whether an inmate shows (1) "that the
23 prison officials were aware of a 'substantial risk of serious harm' to the inmate's health or safety"
24 and (2) "that the prison officials had no 'reasonable' justification for the deprivation, in spite of
25 that risk."  Thomas, 611 F.3d at 1150-51 (quoting Farmer, 511 U.S. at 837, 844).
26       *Request for Production of Documents No. 5 to Defendant Wise*
27       Request for production of documents no. 5 addressed to defendant Wise requested, "All
28 Rules Violation Reports and Disciplinary Hearing Reports generated at SOL during the calendar

3

year 2018 that contain the allegation, or a finding of 3005(b)." (ECF No. 67-1 at 23.)

Defendant Wise responded to request no. 5 as follows:

> Objection. The request is overbroad in seeking all disciplinary violations of a certain type for an entire calendar year at California State Prison, Solano, making the request unduly burdensome on defendants. Defendants further object that the request is not reasonably related to the claims or defenses asserted in this lawsuit, and is not proportional to the needs of this case. Defendants also object that disclosure of the information sought may violate other inmates' rights of privacy, thus making the request improper. The documents sought may also compromise the safety and security of the institution, inmates and staff. Based on these objections, defendants produce no documents responsive to this request.

(Id.)

In the motion to compel, plaintiff argues that the documents sought in request no. 5 will demonstrate that defendant Wise acted with deliberate indifference when he imposed the 90 days loss of outdoor exercise. Plaintiff argues that the documents will show that other prison officials adjudicating rules violation reports for violations of § 3005(b) did not impose the punishment defendant Wise imposed on plaintiff. Plaintiff argues that his request is narrow, and that district courts often grant three years' worth of such evidence.

In the opposition, defendants argue that plaintiff has failed to articulate how production of rules violation reports and disciplinary hearing results related to an allegation or finding of disobedience of an order at the institution for an entire year are relevant to defendant Wise's state of mind with respect to the disposition of plaintiff's rules violation.

The undersigned finds that request no. 5 is overbroad. Moreover, plaintiff has not sufficiently demonstrated the relevance of these documents to his claims against defendant Wise. Accordingly, the motion to compel as to this request is denied.[1]

*Request for Production of Documents No. 1 to Defendant Matteson*

Request No. 1 requested, "All CDCR 602 Form chronos or other documents of any nature, arising out of SOL during the calendar year 2018, and concerning an allegation that an inmate

---

[1] Because the information sought in this interrogatory is overbroad and plaintiff has not adequately demonstrated the relevance of the documents requested, the undersigned need not address defendants' argument that disclosure of the information sought may violate inmate privacy and compromise safety.

4

1 was denied a minimum amount of outdoor exercise." (ECF No. 67-1 at 15.)

2 Defendant Matteson responded to request no. 1 as follows:

> Objection. The request is overbroad in requesting documents "of any nature" arising out of California State Prison, Solano, concerning an allegation that an inmate was denied a minimum of outdoor exercise for a period of an entire year. Defendant further objects that the request is not relevant to the claims or defenses asserted in the lawsuit. Defendants also object that disclosure of the information sought may violate other inmates' rights of privacy, thus making the request improper.

(Id. at 16.)

In the motion to compel, plaintiff argues that request no. 1 is not overbroad. Plaintiff also argues that the documents sought in request no. 1 are relevant because they could "circumstantially support a finding that the defendants were deliberately indifferent because they had a pattern of disregarding serious Eighth Amendment violations."

In the opposition, defendants argue that another inmate's allegations of being denied a minimum of outdoor exercise provides no evidence to support plaintiff's claim of being denied a minimum of outdoor exercise. Defendants again argue that plaintiff's request is overbroad.

The undersigned finds that request no. 1 is overbroad. Moreover, plaintiff has not sufficiently demonstrated the relevance of the documents requested to his claims against defendant Matteson. Accordingly, the motion to compel as to this request is denied.[2]

*Special Interrogatory No. 4, Set One, to Defendant Matteson*

Special interrogatory no. 4, set one, addressed to defendant Matteson asked, "What is the minimum amount of weekly exercise required for any CDCR inmate at any level of custody and what is the governing regulation or regulations." (ECF No. 67 at 7.)

Defendant Matteson responded to this interrogatory as follows:

> Objection. This interrogatory is compound, overbroad, argumentative, and an incomplete hypothetical. Subject to these objections and without waiver, responding party answers as follows:

---

[2] Because the information sought in this interrogatory is overbroad and plaintiff has not adequately demonstrated the relevance of the documents requested, the undersigned need not address defendants' argument that disclosure of the information sought may violate inmate privacy.

5

> Pursuant to California Code of Regulations, title 15, section 1065, the facility administrator of a Type II or III facility shall develop written policies and procedures for an exercise and recreation program which will allow a minimum of three hours of exercise distributed over a period of seven days in an area designed for recreation. In Type IV facilities, such a program can be either in-house or provided through access to the community. The facility administrator of a Type I facility shall make table games and/or television available to inmates.

(Id. 7-8.)

In the opposition to the motion compel, defendants state that in responding to this interrogatory, they inadvertently cited to Title 15, § 1065, which governs outdoor exercise in local detention facilities, which is not applicable. In the opposition, defendants provide an unverified, amended response to special interrogatory no. 4, set one, addressed to defendant Matteson:

> Objection. This interrogatory is compound, overbroad, argumentative, and an incomplete hypothetical. Subject to these objections and without waiver, responding party answers as follows: Pursuant to California Government code of Regulations, title 15, § 3044(d)(2)(D), and DOM section 53130.6.2, yard access is "limited by local institution/facility security need" for inmates in Privilege Group C. Pursuant to Institutional Operations Plan No. CSPS-L3-18-114, inmates at California State Prison, Solano, in Privilege Group C who are not subject to a disciplinary loss of privileges are offered no less than ten hours of outdoor exercise in an outdoor or covered/enclosed setting each week.

(Id. at 8.)

In the opposition, defendants also argue that, as written, this interrogatory presents an incomplete hypothetical because it does not describe the hypothetical inmate's classification, privilege group status, or work assignment. Defendants also state that this interrogatory fails to identify whether the hypothetical inmate was the subject of an imposition of discipline related to yard time or account for other potential institutional limitations on yard time, all of which affect the response to the interrogatory.

The undersigned finds that special interrogatory no. 4, set one, addressed to defendant Matteson is overbroad. The minimum amount of weekly exercise required for *any* CDCR inmate at *any* level of custody is not relevant to this action.

However, the undersigned is puzzled by defendants' amended response to this interrogatory which provides information regarding the number of hours of exercise inmates in

6

Privilege Group C are entitled to. In response to special interrogatory no. 2, set three, defendant Wise states that plaintiff was not on Privilege Group C status during the relevant time period. Accordingly, within twenty-one days of the date of this order, defendant Matteson shall provide plaintiff with a verified, amended response to this interrogatory addressing the number of hours of exercise CDCR was required to provide inmates, not subject to a disciplinary loss of privileges, in the privilege group to which plaintiff was assigned when defendant Wise found plaintiff guilty of the rules violation.[3]

*Special Interrogatory No. 2, Set Three, to Defendant Wise*

Special interrogatory no. 2, set three, addressed to defendant Wise asked, "Explain in detail, including the authority relied on, how an inmate subject to a disciplinary loss of privileges could be entitled to less than the 10 hour minimum and 20 hour maximum amount of outdoor exercise authorized by CSPS-L3-18-114 (pg 2,4) for inmates placed into Privilege Group C." (ECF No. 67-1 at 28.)

Defendant Wise responded to this interrogatory as follows:

> Objection. The interrogatory is argumentative and presents an incomplete hypothetical. Defendant Wise further objects that the information sought is not reasonably related to the claims or defenses asserted in this matter because Plaintiff was not on Privilege Group C status during the timeframe relevant to the complaint, and a comparison between Privilege Group C status and plaintiff's temporary loss of privileges due to a disciplinary matter is not reasonably related to the claims or defenses asserted in this action.
>
> Subject to these objections and without waiver, Defendant Wise responds as follows: There may be an imposition of discipline consisting of up to 90 days loss of privileges for an inmate found guilty of a serious rules violation. Cal. Code Regs. Tit. 15, § 3315(f)(5)(B). Alternatively, an inmate may be placed on Privilege Group B or C status following a guilty finding of a serious rules violation for up to 90 days. Cal. Code Regs. Tit. 15, § 3315(f)(5)(C). There is a distinction between an inmate maintaining his privilege group status and temporarily losing some privileges, as authorized by California Code of Regulations, Tit. 15, § 3315(f)(5)(B), and an inmate being placed on a lower privilege group status, as authorized by Title 15, section 3315(f)(5)(C), because the various privilege groups have specific privileges and restrictions, including, but not limited to access to visitation, phone calls, canteen, yard, and

---

[3] In the motion to compel, in addressing defendant Wise's response to special interrogatory no. 2, set three, plaintiff states that he was in Privilege Group A during the relevant timeframe.

> personal property packages. See California Department of Corrections and Rehabilitation (CDCR) Departmental Operations Manual (DOM) § 53130.6.2.
>
> Yard access for Privilege Group C is limited by institutional and security needs. CDCR DOM § 53130.62. Institutional Operations Plan (IOP) CSPS-L3-18-114 sets forth the operations plan at California State Prison, Solano, for inmates who are assigned to Privilege Group C, either by classification committee or from a disciplinary measure. (See IOP CSPS-L3-18-114 at 2.) The program parameters described in this IOP are not applicable to plaintiff because he was not assigned to Privilege Group C during the timeframe relevant to this complaint. With respect to the timeframe relevant to the complaint, plaintiff was assessed a loss of day yard privileges and visitation privileges in connection with a serious rules violation; however, plaintiff maintained his assigned privilege group status. Plaintiff's loss of privileges was in compliance with California Code of Regulations, title 15, section 3315(f)(5)(B).

(Id. at 28-29.)

In the motion to compel, plaintiff clarifies that in this interrogatory, he is asking defendant Wise how an inmate in Privilege Group A (like plaintiff) could receive fewer hours of exercise than an inmate in lower privilege group Privilege Group C. In the opposition, defendants argue that plaintiff is attempting to compare "apples and oranges" by inquiring how he could maintain a higher privilege group status with a disciplinary imposition of 90 days' loss of yard privileges while inmates of a lower privilege group status maintain certain minimum prescribed amounts of outdoor exercise pursuant to the institution's local operations plan.

For the reasons stated by defendants, the undersigned finds that this interrogatory, as phrased, is not possible to answer. Moreover, plaintiff has not sufficiently demonstrated the relevance of the information sought in this interrogatory to his Eighth Amendment and related state law claims against defendant Wise. Accordingly, the motion to compel as to this interrogatory is denied.

*Special Interrogatory No. 8, Set One, to Defendant Matteson*

Special interrogatory no. 8, set one, addressed to defendant Matteson asked, "Identify all documents discussing, mentioning, concerning or regarding the changes made to the loss of privileges worksheet as reflected in Exhibits C and D of the Complaint."[4] (ECF No. 67-1 at 10.)

---

[4] Exhibit C attached to the amended complaint is a form titled "Confinement of Quarters/Loss of

Defendant Matteson responded to this interrogatory as follows:

> Objection. This interrogatory is overbroad and not reasonably related to the claims asserted in this lawsuit. Subject to these objections and without waiver, responding party answers as follows: Responding party has no personal knowledge of any documents related to the modification of the form.

(Id.)

In the motion to compel, plaintiff alleges that in special interrogatory no. 2, set two, he asked defendant Matteson if the privilege worksheet form was changed because inmates losing day yard could be denied a minimum of outdoor exercise. According to plaintiff, defendant Matteson responded that the form was changed by the SOMS unit, which manages and maintains the computer system, when it instituted the change in formatting state-wide sometime in 2018-19. According to plaintiff, defendant Matteson responded that the form was not changed in response to any concerns regarding denial of minimum amount of outdoor exercise.

In the motion to compel, plaintiff argues that "as discussed in the [second amended complaint], those documents would show that CDCR had finally acknowledged the fact that the first worksheet, depending on the inmate's work schedule, could cause a complete denial of all outdoor exercise."

In the opposition, defendants again argue that defendant Matteson has no knowledge of any documents related to the modification of the privileges worksheet form. Defendants argue that plaintiff has concocted a theory that the loss-of-privilege forms were changed specifically to address issues related to denials of outdoor exercise. Defendants argue that defendant Matteson specifically stated in response to a separate discovery request that the forms were changed state-wide, and that the change was not made in response to any concerns regarding denial of a minimum amount of yard time.

////

---

Privileges/Extra Duty," dated April 23, 2018. (ECF No. 12 at 18.) This form, signed by defendant Wise, states that for log # 4855228, plaintiff was assessed 90 days of day yard. (Id.) Exhibit D is another form titled "Confinement of Quarters/Loss of Privileges/Extra Duty," dated February 10, 2019. (Id. at 20.) This form, signed by Correctional Lieutenant Williams, states that for log # 6318647, plaintiff was assessed 30 days of day yard. (Id.)

Because defendant Matteson has no knowledge of documents related to the modification of the privileges worksheet form, no further response to this interrogatory is required. Moreover, plaintiff has not sufficiently demonstrated the relevance of the information sought in this interrogatory to his claims against defendant Matteson. The motion to compel as to this interrogatory is denied.

*Special Interrogatory No. 6, Set Three, to Defendant Wise*

Special interrogatory no. 6, set three, addressed to defendant Wise asked, "Describe in detail all allegations of misconduct alleged against you in the last five years." (ECF No. 67-1 at 31.)

Defendant Wise responded to this interrogatory as follows:

> Objection. The request is ambiguous because the term "allegations of misconduct" is not defined. In addition, the interrogatory seeks information not reasonably related to the claims or defenses asserted in this lawsuit. Further, disclosure of the information sought would violate Defendant Wise's right to privacy, thus making it improper. Further, information contained in personnel-related files are subject to the qualified privilege of official information and federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991).

(Id. at 31-32.)

The undersigned agrees with defendants that the term "allegations of misconduct" is ambiguous. In addition, the undersigned finds that defendants' objection that the information sought in this interrogatory seeks information not reasonably related to the claims or defenses has merit. Accordingly, the motion to compel as to this interrogatory is denied.[5]

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the date of this order, defendant Matteson shall provide plaintiff with a verified, further response to special interrogatory no. 4, set one, as

---

[5] In the motion to compel, plaintiff correctly argues that defendants failed to submit a privilege log in support of their argument that the information sought in this interrogatory is subject to a privilege. See Rodriguez Bernal v. Beard, 2019 WL 6877863, at *5 (E.D. Cal. Dec. 17, 2019) (overruling privilege assertion without a proper privilege log and affidavit). Because this interrogatory is ambiguous and the information sought in this interrogatory is not reasonably related to the claims or defenses asserted in this lawsuit, the undersigned need not consider defendants' failure to submit a privilege log.

discussed above;

2. Plaintiff's motion to compel (ECF No. 64) is denied in all other respects.

Dated: January 13, 2021

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wit974.com

11