UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2: 19-cv-0974 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. WISE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to modify the scheduling order filed March 16, 2021, pursuant to the mailbox rule. (ECF No. 79.) In this motion, plaintiff seeks an extension of time to file a motion to compel and a dispositive motion. For the reasons stated herein, plaintiff's motion to modify the scheduling order is granted.

Legal Standard

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." 975 F.2d at 609.

////

////

1

Background

On October 17, 2019, the undersigned ordered service of plaintiff's amended complaint as to the following claims: 1) defendants Wise and Matteson allegedly violated plaintiff's Eighth Amendment right to outdoor exercise; 2) defendants Wise, Broadstone and Zuniga allegedly retaliated against plaintiff for threatening to bring a civil rights action; and 3) defendants Wise, Broadstone, Zuniga and Matteson allegedly violated the California Tort Claims Act. (ECF No. 15.)

On February 20, 2020, defendants filed an answer to plaintiff's amended complaint. (ECF No. 25.)

On February 28, 2020, the court issued a discovery and scheduling order setting the discovery deadline for June 26, 2020, and the dispositive motion deadline for September 11, 2020. (ECF No. 26.)

On June 2, 2020, defendants filed a motion for partial summary judgment on the grounds that plaintiff failed to exhaust administrative remedies as to his First Amendment retaliation claims and related state law claims. (ECF No. 31.)

On June 3, 2020, defendants filed a motion to modify the scheduling order. (ECF No. 33.) In relevant part, defendants requested that discovery regarding the merits of plaintiff's retaliation and related state law claims be stayed pending the outcome of the motion for partial summary judgment. (Id.) On July 22, 2020, the undersigned granted this request. (ECF No. 45.) The undersigned also stayed all discovery by defendants pending resolution of the partial summary judgment motion. (Id.)

On June 10, 2020, plaintiff filed a motion to modify the scheduling order. (ECF No 35.) Plaintiff requested an extension of time to serve defendants with one final set of discovery requests and a motion to compel based on the responses to the final set of discovery requests, if appropriate. (Id.) On July 22, 2020, the undersigned granted this request. (ECF No. 45.)

On August 3, 2020, plaintiff filed a motion to amend and proposed second amended complaint. (ECF Nos. 48, 49.)

On November 16, 2020, plaintiff filed a motion to compel. (ECF No. 64.)

| | |
|---|---|
| 1 | On December 2, 2020, the court granted defendants' motion for partial summary |
| 2 | judgment.  (ECF No. 65.)  The court also granted, in part, plaintiff's motion to amend.  (Id.)  The |
| 3 | court granted plaintiff's request to add a due process and related state law claim against defendant |
| 4 | Wise.  (Id.) |
| 5 | On January 4, 2021, defendants filed an answer to plaintiff's second amended complaint. |
| 6 | (ECF No. 70.) |
| 7 | On January 7, 2021, the undersigned reset the discovery and dispositive motion deadlines. |
| 8 | (ECF No. 72.)  The undersigned ordered that defendants could conduct discovery until March 26, |
| 9 | 2021.  (ECF No. 72.)  The undersigned ordered that plaintiff could conduct discovery as to his |
| 10 | new due process and related state law claims against defendant Wise until March 26, 2021.  (Id.) |
| 11 | All motions to compel were to be filed by March 26, 2021.  (Id.)  The undersigned set the |
| 12 | dispositive motion deadline for May 28, 2021.  (Id.) |
| 13 | On January 14, 2021, the undersigned granted in part and denied in part plaintiff's motion |
| 14 | to compel filed November 16, 2020.  (ECF No. 74.) |
| 15 | Discussion |
| 16 | In the pending motion, plaintiff seeks an extension of time to file a motion to compel |
| 17 | regarding defendant Wise's responses to discovery requests.  (ECF No. 79.)  Plaintiff alleges that |
| 18 | "attempting to compel discovery utilizing the law library 'paging' services has already proven |
| 19 | largely unsuccessful."  (Id. at 2.)  Plaintiff alleges that he is being denied physical access to the |
| 20 | law library.  (Id. at 5.) |
| 21 | In the opposition to the pending motion, defendants state plaintiff served defendant Wise |
| 22 | with a request to production of documents and request for admissions on January 14, 2021.  (ECF |
| 23 | No. 80 at 2.)  On January 17, 2021, plaintiff served defendant Wise with another request for |
| 24 | production of documents and set of interrogatories.  (Id.)  On March 3, 2021, and March 8, 2021, |
| 25 | defendants responded to these requests.  (Id.)  Defendants argue that use of a paging system in |
| 26 | lieu of physical access to the library is not a violation of plaintiff's First Amendment right to |
| 27 | access the courts.  (Id. at 3.)  Defendants also argue that it is highly unlikely that extensive legal |
| 28 | research is necessary for plaintiff to file a motion to compel.  (Id.) |

In the reply to defendants' opposition, plaintiff argues that defendants waited until the discovery period had almost expired before acknowledging his meet and confer request. (ECF No. 81.) Plaintiff argues that if defendants had responded to plaintiff's meet and confer requests a week earlier, "the motion to compel may have been so small that it could have been filed by March 26, or possibly April 2." (Id. at 2.) This argument suggests that plaintiff's inability to file a timely motion to compel is unrelated to alleged inadequate law library access.

Nevertheless, the undersigned finds good cause to grant plaintiff's motion for an extension of time to file a motion to compel. Plaintiff filed his motion for extension of time before the discovery deadline expired. Plaintiff is a state prisoner, proceeding without counsel. Plaintiff is unable to access the prison law library due to the COVID-19 pandemic. Based on these circumstances, the undersigned finds good cause to grant plaintiff's motion for an extension of time to file a motion to compel.

On April 21, 2021, plaintiff filed a motion to compel addressing defendant Wise's responses to his discovery requests. (ECF No. 82.) The motion to compel addresses responses to ten requests for production of documents and four interrogatories. (Id.) Plaintiff's motion to compel is deemed timely filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order (ECF No. 79) is granted;
2. Plaintiff's motion to compel filed April 21, 2021 (ECF No. 82), is deemed timely filed; defendants shall file a response to plaintiff's motion to compel within twenty-one days of the date of this order; plaintiff may file a reply within fourteen days thereafter;
3. The dispositive motion deadline is extended to August 6, 2021.

Dated: April 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wit974.eot(2)

4