UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,

    Plaintiff,

v.

D. WISE, et al.,

    Defendants.

No. 2: 19-cv-0974 KJM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel. (ECF No. 82.) Plaintiff moves to compel further responses to interrogatories addressed to defendant Wise, set four, nos. 3, 17, 18 and 20, and requests for production of documents addressed to defendant Wise, set two, nos. 1-8, and set three, nos. 3 and 4.

For the reasons stated herein, plaintiff's motion to compel is denied.

Background

The pending motion to compel concerns plaintiff's due process and related state law claims against defendant Wise. The undersigned herein sets forth plaintiff's relevant allegations in the second amended complaint.

Plaintiff alleges that on March 31, 2018, at California State Prison-Solano ("CSP-Solano") plaintiff, his brother, sister-in-law, niece and two nephews were in the visiting room. (ECF No.

1

49 at 3.) Correctional Officer Airey approached plaintiff and his family and "demanded to know" if anyone at the table was "ADA." (Id.) Plaintiff told Correctional Officer Airey that he and his family were on an "excessive distance" visiting appointment and did not wish to be disturbed. (Id.) Correctional Officer Airey walked away but returned five minutes later. (Id.)

At that time, Correctional Officer Airey told plaintiff that he was seated at an ADA table, which happened to be located in the children's area, and that his lower bunk chrono had expired three days ago. (Id.) Correctional Officer Airey insisted that plaintiff and his family surrender the table. (Id.) Plaintiff told Correctional Officer Airey that he had requested no further harassment and asked Correctional Officer Airey to step away from the table. (Id.) Correctional Officer Airey refused to step away, stating, "I need that table." (Id.) Plaintiff noticed that there were some ADA visitors standing off to the side, so he slid the table over to those visitors. (Id. at 4.)

Five minutes later, Correctional Officer Airey and his female colleague returned. (Id.) Correctional Officer Airey now demanded that plaintiff and his family give up their chairs. (Id.) Plaintiff responded, "Why would we do that when there are hundreds of the same chairs stacked right there against the wall where anyone can go get some." (Id.) Correctional Officer Airey and his female companion left, returning five minutes later. (Id.) Correctional Officer Airey handed plaintiff a document, written by Correctional Officer Airey, and informed plaintiff that his visit had been terminated. (Id.) Plaintiff was escorted out of the visiting room. (Id.)

Based on the incident in the visiting room, plaintiff was charged with a rules violation for refusing to obey a direct order. (Id.) Defendant Wise presided over the April 23, 2018 disciplinary hearing. (Id.) At the hearing, plaintiff requested to present the video surveillance tape from the visiting room in support of his defense. (Id. at 4-5.) Defendant Wise "pretended" to make a few telephone calls, then declared that the surveillance tape was unavailable. (Id.) Plaintiff knew that defendant Wise was lying because the surveillance tape had already been used to convict other inmates for various offenses involving their conduct in the visiting room on March 31, 2018. (Id.)

////

Plaintiff requested to call inmate Maxwell as a witness at the disciplinary hearing because he had visited with the ADA visitor who needed plaintiff's table. (Id.) Defendant Wise denied plaintiff's request to call inmate Maxwell as a witness, declaring plaintiff's questions for inmate Maxwell irrelevant. (Id.)

At that point, plaintiff began explaining that the California Code of Regulations requires plaintiff to obey orders authorized by the regulations. (Id.) Plaintiff explained that the orders he received on March 31, 2018, were not authorized by the California Code of Regulations. (Id.) Defendant Wise interrupted plaintiff's defense and declared him guilty. (Id.)

Plaintiff alleges that defendant Wise violated plaintiff's due process right to call witnesses by improperly declaring plaintiff's questions for the reporting employee and plaintiff's other witnesses irrelevant. (Id. at 11.) Plaintiff also alleges that defendant Wise violated his right to due process by denying his request to present the surveillance tape as evidence. (Id.) Plaintiff alleges related state claims against defendant Wise. (Id. at 11-12.)

Legal Standard for Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. The opposing party "has the burden to show that

3

discovery should not be allowed…" DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

Motion to Compel Re: Requests for Production of Documents

*Legal Standard for Request for Production of Documents*

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "'Property is deemed within a party's "possession, custody, or control" if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.'" Atcherley v. Clark, 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014) (quoting Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007)).

"In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed.R.Civ.P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." Id. (citing Uribe v. McKesson, 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010)). "If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response." Id. (citing Ochotorena v. Adams, 2010 WL 1035774, at *3–4 (E.D. Cal. Mar. 19, 2010)). "As with previously discussed forms of discovery, boilerplate objections do not suffice." Id. (citing Fed.R.Civ.P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d 1142, 1149 (9th Cir. 2005)).

*Request for Production of Documents, Set Two, Nos. 1-8*

*Request No. 1*

Request No. 1 sought, "All curriculum, treatises, manuals, textbooks, training materials and other documents used, or issued, by the lieutenant's academy for purposes of your training as a Senior Hearing Officer (SHO) concerning the subject of due process requirements." (ECF No.

4

82 at 16.)

Defendant Wise responded,

> Objection. This request is not reasonably related to the claims or defenses alleged in this action. Subject to these objections and without waiver, defendant Wise response as follows: defendant Wise does not have any responsive documents in his possession, custody or control; however, the training defendant Wise received regarding due process at inmate disciplinary hearings was based on the regulations set forth in California Code of Regulations, Title 15, sections 3315 and 3323. Accordingly, defendant Wise provides in Exhibit A copies of California Code of Regulations, Title 15, sections 3315 and 3323.

(Id. at 16-17.)

In the motion to compel, plaintiff argues that the training materials sought in request no. 1 would "shed light" on defendant Wise's state of mind. (ECF No. 82 at 4.) Plaintiff argues that these materials are relevant to defendant's motive. (Id.) Plaintiff also alleges that CDCR possesses these training materials because defendant Wise referenced them in response to interrogatory set three, no. 10. (Id.) In response to interrogatory set three, no. 10, defendant Wise stated that upon his promotion to lieutenant, he attended a course at the lieutenant's academy which covered the due process requirements in prison disciplinary hearings. (Id. at 38.) In 2019, defendant Wise attended additional training related to inmate disciplinary process and due process requirements for inmates with disabilities. (Id. at 39.)

In the opposition, defendant argues that whether or not plaintiff was afforded due process at the disciplinary hearing depends on the facts and circumstances surrounding the disciplinary hearing, and not the contents of defendant Wise's training materials on due process. Defendant contends that he does not possess the training materials plaintiff seeks.

Defendant's objection that the training materials plaintiff seeks are not relevant to this action is sustained. Whether or not plaintiff was afforded due process depends on the facts and circumstances surrounding his disciplinary hearing. In addition, motive is not an element of plaintiff's due process claims. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). In addition, the undersigned cannot order defendant to produce documents he does not possess. On these grounds, the motion to compel as to request no. 1 is denied.

5

*Request No. 2*

Request No. 2 sought, "All documents, correspondences, E-mails, memoranda, notes, summaries, operational supplements or other documents discussing the destruction, loss, improper preservation, spoilage, corruption, or any other basis for unavailability of surveillance video at California State Prison Solano (SOL) which incidently [sic] has been thoroughly documented by the California district courts." (ECF No. 82 at 17.)

Defendant Wise responded,

> Objection. The request does not describe a document or category of documents with reasonable particularity. In addition, the request is argumentative and vague as to time. Further, the request is not reasonably related to the claims or defenses alleged in this action, and is not proportional to the needs of this case. Subject to these objections and without waiver, defendant Wise responds as follows: Defendant Wise does not have any responsive documents in his possession, custody or control.

(Id.)

Defendant's objections that request no. 2 is vague as to time and fails to identify documents with reasonable particularity are somewhat inconsistent with defendant's claim that he does not have any responsive documents. Nevertheless, defendant's objections that request no. 2 is argumentative and vague as to time are sustained. On these grounds, request no. 2 is denied.

*Request No. 3*

Request no. 3 sought, "All video surveillance tapes of activity in the SOL Level II visiting room during March and April 2018." (ECF No. 82 at 17.)

Defendant Wise responded,

> Objection. The request is overbroad in seeking all surveillance tapes for a period of two months in the Level II visiting room at California State Prison, Solano, making the request unduly burdensome on Defendants. Defendants further object that the request is not reasonably related to the claims or defenses asserted in this lawsuit, and is not proportional to the needs of this case. Subject to these objections and without waiver, Defendant Wise responds as follows: Defendant Wise attempted to locate the visiting room footage of Plaintiff on March 31, 2018, at issue in this lawsuit. Following a diligent search, defendant Wise was unable to locate the footage for that date. Accordingly, defendant Wise does not have any relevant responsive documents in his possession, custody, or control.

6

(Id. at 17-18.)

Defendant's objection that the request is overbroad is sustained. Only video footage from the visiting room on March 31, 2018, is relevant to this action.

In the opposition to the pending motion, defendant addresses in more detail his claim that the March 31, 2018 visiting room video footage cannot be located. Defendant refers to defense counsel's April 14, 2021 letter addressing plaintiff's discovery requests. Regarding request no. 3, the letter states that defendant Wise requested any footage of the visiting room on March 31, 2018, from the Investigative Services Unit at California State Prison, Solano. (ECF No. 85-1 at 157.) Following a diligent search, no footage was located. (Id.)

The undersigned finds that defendant provided a sufficient response to request no. 3. Pursuant to Federal Rule of Civil Procedure 26(g)(1), counsel certified that after a diligent search, the requested video footage could not be found. (ECF No. 85-1 at 51.) The undersigned cannot order defendant to produce video footage that cannot be located. Accordingly, the motion to compel as to request no. 3 is denied.

In support of his motion to compel as to request no. 3, plaintiff cites Johnson v. Sandy, 2014 WL 4631642 (E.D. Cal. Sept. 15, 2014). In Johnson v. Sandy, plaintiff moved to compel production of use-of-force videos taken by Lieutenant Brown at CSP-Solano on the night of June 26, 2012. Id. at *6. Defendants responded that the CSP-Solano use of force coordinator declared that the video recording equipment used to record the use of force videos was faulty. Id. For that reason, the video was not available. Id. The court denied the motion to compel on the grounds that it could not order defendants to produce a video recording that did not exist. Id. The court cited two other cases from this court in which authorities at CSP-Solano discovered long-sought videos "at the eleventh hour, following representations that the videos did not exist or could not be located." Id. In Evans v. Terrazas, 2:09-cv-0292 TLN AC P, the late discovered video recording was of a cell extraction. Id. In Draper v. Rosario, 2:10-cv-0032 KJM EFB P, the long missing video was a use of force interview. Id.

In Johnson v. Sandy, the court found that it could not order the production of a videotape in the face of a sworn declaration that no such recording exists. Id. The court reminded

7

defendants of their continuing duty to supplement if the videotape was later discovered. Id.

Request no. 3 does not seek a video related to excessive force allegations, as in Johnson, Evans and Draper. For this reason, the undersigned is not persuaded by plaintiff's citation to these cases. Nevertheless, the undersigned reminds defense counsel of their continuing duty to supplement if the at-issue video is discovered.

*Request No. 4*

Request no. 4 sought, "All documents from your CDCR personnel file." (ECF No. 82 at 18.)

Defendant Wise responded,

> Objection. The request is not reasonably related to the claims or defenses asserted in this action. In addition, disclosure of the information sought would violate defendant Wise's right to privacy, thus making the request improper. Further, information contained in personnel-related files are subject to the qualified privilege of official information and federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel documents are also protected from disclosure by California Penal Code section 832.7; California Evidence Code sections 1043 and 1045; California Code of Regulations, Title 15, section 3450; and California Government Code section 6254, as substantiated by the declaration of C. Navarro-Medina, served concurrently herewith.

(Id.)

In the motion to compel, plaintiff does not address why he requires all documents from defendant's personnel file. In his declaration submitted in support of the motion to compel, plaintiff alleges that the documents from defendant's personnel file will "establish [defendant's] state of mind…" (ECF No. 83 at 2.) It is not clear what plaintiff means by "state of mind." If by "state of mind" plaintiff means motive, motive is not an element of plaintiff's due process claims. See Wolff, 418 U.S. at 563-70.

Based on plaintiff's failure to demonstrate the relevancy of the requested documents, the undersigned sustains defendant's objection that request no. 4 is not reasonably related to the claims or defenses asserted in this action. On these grounds, the motion to compel as to request

////

////

8

no. 4 is denied.[1]

*Request No. 5*

Request no. 5 sought, "All documents that discuss or concern your training, duties, performance, assignments and mental and physical condition." (ECF No. 82 at 18.)

Defendant Wise responded,

> Objection. The request does not describe a category of documents with reasonable particularity. In addition, the request is overbroad and not reasonably related to the claims or defenses asserted in this action. To the extent the request seeks defendant Wise's post orders for the time frame relevant to this action, defendant Wise objects that such information is protected from disclosure by the official-information privilege, as substantiated by the declaration of Litigation Coordinator N. Difuntorum, served concurrently herein. Subject to these objections and without waiver, defendant Wise provides in Exhibit B the duty statement for a correctional lieutenant at California State Prison, Solano.

(Id.)

In the motion to compel, plaintiff alleges that the requested documents are relevant to proving defendant's due process violations and his state of mind. (Id. at 7.) The undersigned does not understand what plaintiff means by "state of mind." If by "state of mind" plaintiff means motive, motive is not an element of plaintiff's due process claims. See Wolff, 418 U.S. at 563-70.

The undersigned finds that plaintiff has not adequately demonstrated the relevancy of the requested documents. Accordingly, defendant's objection that request no. 5 is not reasonably related to the claims or defenses asserted this action is sustained. The undersigned also sustains defendant's objection that request no. 5 is vague and overbroad. On these grounds, the motion to compel as to request no. 5 is denied.[2]

////

---

[1] Because plaintiff fails to demonstrate the relevancy of the requested documents, the undersigned need not address defendant's objections that disclosure of the information would violate his right to privacy and that the requested documents are protected by the official information privilege.

[2] Because plaintiff fails to demonstrate the relevancy of the requested documents, the undersigned need not address defendant's objection that the documents are protected by the official information privilege.

9

*Request No. 6*

Request no. 6 sought, "All Rules Violation Reports (RVR) and Disciplinary Hearing Results (DHR) where you presided over the hearing of the charges and there was a subsequent allegation of a due process violation." (ECF No. 82 at 19.)

Defendant Wise responded,

> Objection. This request is vague as to time and not reasonably related to the claims or defenses asserted in this action. Defendant Wise further objects that the request is not reasonably related to the claims or defenses asserted in this lawsuit, and is not proportional to the needs of this case. Subject to these objections and without waiver, defendant Wise responds as follows: In Exhibit C, defendant Wise has produced Rules Violation Report No. 4855228 issued to plaintiff, and the disciplinary hearing results associated with the Rules Violation Report No. 4855228 in response to this request.

(Id.)

Defendant's objections that request no. 6 is overbroad and not reasonably related to the claims or defenses raised in this action are sustained. Plaintiff does not allege that defendant Wise had a policy or custom of violating inmate due process rights during disciplinary hearings. For this reason, evidence of other due process violations committed by defendants Wise during disciplinary hearings is not reasonably related to the claims raised in this action. Moreover, as phrased, request no. 6 seeks rules violation reports and disciplinary reports where due process violations by defendant Wise were merely alleged. Allegations of due process violations by defendant Wise, which were not sustained, are not relevant to this action. On these grounds, the motion to compel as to request no. 6 is denied.

*Request No. 7*

Request no. 7 sought, "All inmate grievances (602) that allege you violated an inmate's due process rights at a disciplinary hearing in an SHO role." (ECF No. 82 at 19.)

Defendant Wise responded,

> Objection. The request is vague as to time, overbroad, not reasonably related to the claims or defenses asserted in this action, and is not proportional to the needs of this case. In addition, the request is improper because disclosure of the information requested may violate another inmate's right to privacy. Plaintiff is already in possession of his own inmate grievance alleging defendant Wise violated his due process rights. Based on these objections, defendant

Wise produced no documents in response to this request.

(Id.)

Defendant's objections that request no. 7 is overbroad and not reasonably related to the claims or defenses raised in this action are sustained. Like request no. 6, request no. 7 seeks documents where due process violations by defendant were merely alleged, not sustained. These documents are not relevant to this action. In addition, plaintiff does not allege that defendant Wise had a policy or custom of violating inmate due process rights during disciplinary hearings. For this reason, evidence of other due process violations committed by defendants Wise during disciplinary hearings is not reasonably related to the claims raised in this action. On these grounds, the motion to compel as to request no. 7 is denied.

*Request No. 8*

Request no. 8 sought, "All documents, correspondence, E-mails, memoranda, notes, summaries, operational supplements or other documents that discuss procedural due process rights at inmate disciplinary hearings." (ECF No. 82 at 19.)

Defendant Wise responded,

> Objection. The request does not describe a document or category of documents with reasonable particularity. Subject to these objections and without waiver, defendant Wise provides the following documents in Exhibit A: California Code of Regulations, title 15, sections 3315 and 3323. Defendant Wise does not have any additional responsive documents in his possession, custody or control.

(Id. at 20.)

In the motion to compel, plaintiff contends that he is seeking pertinent CDCR documents, and not defendant Wise's personal documents. (Id. at 8.) In the opposition, defendant states that he provided plaintiff with the regulations governing due process at inmate disciplinary hearings in response to this request. (ECF No. 85 at 12.) Defendant argues that it is not possible to determine what documents plaintiff seeks without a more precise description of the documents or a category of documents. (Id.)

Defendant's objection that he does not possess the documents sought in request no. 8 somewhat contradicts defendant's argument that it is not possible to determine what documents

11

plaintiff seeks in this request.  Nevertheless, the undersigned sustains defendant's objection that request no. 8 is vague in that it does not describe a document or category of documents with reasonable particularity.  On these grounds, the motion to compel as to request no. 8 is denied.

*Request for Production of Documents, Set Three, Nos. 3 and 4*

*Request No. 3*

Request no. 3 sought, "All correspondence sent or received from anyone other than your attorneys concerning the events and circumstances of March 31, 2018, or April 23, 2018, as alleged in the Complaint."  (ECF No. 82 at 23.)

Defendant Wise responded,

> Objection.  The request is vague as to time and does not describe a document or category of documents with reasonable particularity.  Subject to these objections, defendant Wise responds as follows: Defendant Wise does not have any responsive documents in his possession, custody or control.

(Id.)

In the motion to compel, plaintiff argues that the response to request no. 3 is not certified.  (Id. at 9.)  Plaintiff also argues that the response fails to certify that CDCR does not have the requested documents.  (Id.)

In the opposition, defendant argues that request no. 3 is addressed to defendant Wise, and not CDCR.  Defendant contends that he is only required to provide documents he has a legal right to obtain.  Defendant also argues that his counsel certified the response to request no. 3.  (See ECF No. 85-1 at 96 (counsel's certification of defendant Wise's request for production of documents, set three).

Defendant's objections that he cannot respond to request no. 3 because it is vague and fails to describe the documents sought with reasonable particularity somewhat contradict defendant's claim that he does not have any responsive documents.  Nevertheless, defendant's objections that request no. 3 is vague and fails to describe the requested documents with reasonable particularity are sustained.  For this reason, the undersigned need not reach plaintiff's claim that defendant did not adequately certify his claim that he does not possess the requested documents.

12

*Request No. 4*

Request no. 4 sought, "All documents supporting your contention, if any, that the negligence of any other person contributed to your performance at the April 23, 2018 disciplinary hearing as alleged in the complaint." (ECF No. 82 at 23.)

Defendant Wise responded,

> Objection. The request does not describe a document or category of documents with reasonable particularity. Subject to this objection and without waiver, defendant Wise responds: Defendant Wise does not have any responsive documents in his possession, custody or control.

(Id.)

In the motion to compel, plaintiff argues that the response to request no. 4 fails to address whether CDCR possesses any documents in response to this request. (Id. at 9.) In opposition, defendant argues that plaintiff incorrectly assumes that defendant Wise's responses are limited to documents in his own personal possession. (ECF No. 85 at 14.)

Defendant's objection that he cannot respond to request no. 4 because it fails to describe the documents sought with reasonable particularity somewhat contradicts defendant's claim that he does not have any responsive documents. Nevertheless, the undersigned sustains defendant's objection that request no. 4 is vague because it does not describe the requested documents with reasonable particularity.

Interrogatories, Set Four, Nos. 3, 17, 18 and 20

*Defendant's Objection re: Rule 33(a)(1)*

Federal Rule 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."

Defendant objects to interrogatories nos. 3, 17, 18 and 20 on the grounds that defendant Wise previously responded to twenty-five interrogatories in plaintiff's interrogatories to defendant Wise, sets one through three. These interrogatories did not concern plaintiff's due process claims against defendant Wise. Defendant argues that plaintiff has therefore exceeded

13

the limit of permissible interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

As discussed in the January 7, 2021 order, on December 2, 2020, the court granted plaintiff's motion to file a second amended complaint to add due process and related state law claims against defendant Wise. (ECF No. 72.) The undersigned ordered that plaintiff could conduct discovery regarding these new claims. (Id.)

Although plaintiff should have sought permission from the court to serve defendant Wise with additional interrogatories, the undersigned grants plaintiff permission to serve these additional interrogatories, nunc pro tunc. The additional interrogatories in set four concern plaintiff's due process and related state law claims. Plaintiff did not previously serve defendant Wise with interrogatories regarding these claims. Under these circumstances, the additional interrogatories are neither cumulative nor duplicative. See Coleman v. Department of Healthcare Services, 2020 WL 589194, at *6 (E.D. Cal. Feb. 6, 2020). Accordingly, defendant's objection to these interrogatories on the grounds that they exceed the limit set in Rule 33(a)(1) is overruled.

*Interrogatory No. 3*

Interrogatory No. 3 asked, "Identify each inmate, by name and CDC #, who was convicted of a disciplinary offense for their actions in the CSP-Solano (SOL) Level II visiting room in March and April 2018 and surveillance video evidence was used against them as evidence at their disciplinary hearings." (ECF No. 82 at 27.)

Defendant Wise responded,

> Objection. The information requested is not reasonably related to the claims or defenses alleged in this action. In addition, the request is improper because disclosure of the information requested may violate another inmate's right to privacy…

(Id.)

In the motion to compel, plaintiff argues that the information sought in interrogatory no. 3 "would go a long way to uncovering the truth, and the chain of custody of the purportedly missing surveillance footage." (Id. at 10.) In the opposition, defendant argues that the request is improper because it seeks identification of inmates who were subject to a disciplinary offense over a two-month time period, which would violate the other inmates' privacy rights. (ECF No.

85 at 15.) Defendant also argue that the identities of the inmates who were subject to disciplinary actions during this two month period of time has no relevance to the analysis of whether plaintiff's due process rights were violated at the disciplinary hearing. (Id.)

Defendant's objection that providing plaintiff with the names of the inmates sought in interrogatory no. 3 would violate their privacy rights is sustained. On these grounds, the motion to compel as to interrogatory no. 3 is denied.

*Interrogatory No. 17*

Interrogatory no. 17 asked, "With respect to the fact that the chairs at visiting are all identical and there are 'extra stacks,' (ECF No. 31-4 at 41, ¶ 46), of hundreds of them in the visiting room, state the legal authority that designates individual or specific chairs ADA?" (ECF No. 82 at 29.)

Defendant Wise responded,

> Objection. The information requested is not reasonably related to the claims or defenses in this action…

(Id.)

In the motion to compel, plaintiff argues that the information sought in interrogatory no. 17 is relevant to show defendant Wise's state of mind. (ECF No. 82 at 10.) Plaintiff alleges that he was found guilty of disobeying an order after plaintiff would not return chairs to the ADA table where he and his family sat. (Id.) Plaintiff argues that this order was unlawful because there were no ADA chairs in the visiting room. (Id. at 10-11.)

In the opposition, defendants argue that based on the contents of the request, it appears that plaintiff wishes to relitigate the guilty finding of disobedience of an order at his disciplinary hearing, which is a separate issue from whether he was afforded due process at his disciplinary hearing. (ECF No. 85 at 16.)

Defendant's objection that the information sought in interrogatory no. 17 is not relevant to this action is sustained. Plaintiff has not shown how the information sought in interrogatory no. 17 is relevant to the at-issue due process and related state law claims. On these grounds, the motion to compel as to interrogatory no. 17 is denied.

*Interrogatory No. 18*

Interrogatory no. 18 asked, "Describe the instances in which you contacted 'visiting Lt.,'(DHR 4855288) J. Rubalcaba, or another visiting Lt., seeking video surveillance evidence in your SHO role and were successful in securing such evidence." (ECF No. 82 at 29.)

Defendant Wise responded,

> Objection. This information is not reasonably related to the claims or defenses raised in this action…

(Id.)

In the motion to compel, plaintiff contends that defendant Wise has "asserted that normally readily available, and commonly utilized, evidence disappeared in this case. Plaintiff is entitled to information concerning the standard procedures for presentation of such evidence." (Id. at 11.)

In the opposition, defendant argues that the information sought in this interrogatory has no relationship to the claims or defenses on this action. (ECF No. 85 at 17.) Defendant argues that while plaintiff claims he is entitled to information concerning the standard procedure for presentation of evidence, he does not articulate how the information requested supports this claim. (Id.)

Plaintiff appears to argue that evidence of defendant Wise's ability to procure visiting room video surveillance tape for other disciplinary hearings undermines defendant Wise's claim that he could not procure the visiting room video surveillance tape for plaintiff's disciplinary hearing.

Evidence that defendant Wise procured visiting room video surveillance tape from March 31, 2018, for other disciplinary hearings may support plaintiff's claim that defendant Wise falsely claimed that he could not locate this video tape for plaintiff's disciplinary hearing. However, interrogatory no. 18 is not limited as to time. Defendant Wise's ability to procure visiting room video surveillance tape for dates other than March 31, 2018, is not relevant to plaintiff's claim. Accordingly, defendant's objection that the information sought in interrogatory no. 18 is not related to the claims or defenses in this action is sustained in that the request is overbroad. On

16

these grounds, the motion to compel as to interrogatory no. 18 is denied.

*Interrogatory No. 20*

Interrogatory No. 20 asked, "If, as you concluded in DHR 4855228, plaintiff was 'disobeying' orders on March 31, 2018, explain how CO Airey successfully handcuffed plaintiff (a 6'4" 217 lbs. professional athlete with 4% body fat, ECF No. 49, ¶ 12) when he is clearly much smaller and much more weaker." (ECF No. 82 at 30.)

Defendant Wise responded,

> Objection. This interrogatory is argumentative and not reasonably related to the claims or defenses alleged in this action. Further, plaintiff has served defendant Wise, and defendant Wise has responded to, twenty-five interrogatories in plaintiff's interrogatories to defendant Wise, sets one through three. Plaintiff has therefore exceeded the limit of permissible interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).

(Id.)

Defendant's objections that interrogatory no. 20 is argumentative and not reasonably related to the claims or defenses alleged in this action are sustained. On these grounds, the motion to compel as to interrogatory no. 20 is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 82) is denied.

Dated: June 28, 2021

Wit974.com(3)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE