UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2:19-cv-0974 KJM KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| D. WISE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 8, 2022 the Magistrate Judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court writes separately only to address plaintiff's objections.

/////

1

Many of the arguments in those objections are irrelevant to the claims in the operative complaint.  Some arguments also mischaracterize the Magistrate Judge's findings and recommendations.  For example, plaintiff contests the Magistrate Judge's description of the events in the jail's visiting area, and he argues the record shows he obeyed correctional officers' orders, contrary to the Magistrate Judge's findings.  *See, e.g.*, Objections at 4 ("With that state of the record, the defendants having failed to produce any evidence that plaintiff disobeyed an order, plaintiff did not have any burden to specifically aver that he did not disobey an order.").  The dispute in this case, however, is not what happened in the visiting area.  It is not whether plaintiff obeyed or disobeyed orders.  It is not whether correctional officers acted unprofessionally or rudely.  Rather, it is whether the defendants denied plaintiff due process in the prison administrative hearing that followed.  That question is the one the Magistrate Judge's findings and recommendations answers.  As the Magistrate Judge explained, the defendants' motion shows plaintiff cannot prove he was denied due process, so summary judgment must be granted on this claim.

Plaintiff also objects to the Magistrate Judge's recommendation not to consider new claims he raised for the first time at summary judgment.  *See* Objections at 21–22; F&Rs at 21.  Although new arguments raised in opposition to summary judgment motions may function as late requests for leave to amend, *see Johnson v. Mateer*, 625 F.2d 240, 242 (9th Cir. 1980), permitting an amendment so late in this case would unduly delay it and unfairly prejudice the defendants, *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("Allowing [the plaintiffs] to proceed with their [new] theory after the close of discovery would prejudice [the defendant]. A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.").  The court adopts the Magistrate Judge's recommendation not to permit new claims.

Finally, plaintiff objects to the Magistrate Judge's recommendation to grant summary judgment to the defendants on his Eighth Amendment claim.  As the Magistrate Judge explained, plaintiff has cited no evidence that could prove the defendants disregarded his serious medical needs by limiting his exercise time.  *See* F&Rs at 21–22, 24–28.  Nor has he cited evidence that

could show he was harmed by a lack of exercise. *See id.* at 25. The court is also aware of no authority that could show the defendants' actions deprived plaintiff of a constitutional right that was "clearly established" at the time, as would be necessary to overcome the defendants' assertion of qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 8, 2022, are adopted in full;
2. Defendants' summary judgment motion (ECF No. 90) is granted;
3. Plaintiff's summary judgment motion (ECF No. 94) is denied; and
4. The Clerk's Office is directed to close this case.

DATED: October 31, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE