1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL WITKIN,                                No. 2:19-cv-0974 KJM KJN P

12                     Plaintiff,                     ORDER

13           v.

14    D. WISE, et al.,

15                     Defendants.

16

17          Plaintiff Mitchel Witkin filed a motion to alter or amend this court's judgment.  For the

18    reasons described below, the court **denies** plaintiff's motion.

19          A motion to amend judgment is appropriately brought under either Federal Rule of Civil

20    Procedure 59(e) or Rule 60(b).  *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991)

21    (citing *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989)).  The motion "is treated as a motion

22    to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the

23    time provided by that Rule].  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d

24    892, 898-99 (9th Cir. 2001) (citations omitted).  Because plaintiff's motion was filed within

25    twenty-eight days of judgment, the court considers this motion under Rule 59(e).

26          "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly

27    unusual circumstances, unless the district court is presented with newly discovered evidence,

28    committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St.*

1

1    *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule

2    230(j) requires a motion for reconsideration state "what new or different facts or circumstances

3    are claimed to exist which did not exist or were not shown upon such prior motion, or what other

4    grounds exist for the motion; and. . .why the facts or circumstances were not shown at the time of

5    the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

6          Plaintiff filed a civil rights complaint, alleging guards at his correctional facility violated

7    his: (1) due process rights during an administrative hearing, and (2) Eighth Amendment rights in

8    imposing a punishment of restricted outdoor exercise time.  *See generally* Compl., ECF No. 12.

9    Both parties moved for summary judgment and the magistrate judge filed findings and

10   recommendations, recommending plaintiff's motion be denied and defendant's motion be granted.

11   F&R, ECF No. 112.  Plaintiff objected to the findings and recommendations.  Objections, ECF

12   No. 115.  This court adopted the findings and recommendations in full, addressing plaintiff's

13   objections before doing so.  Order, ECF No. 118.  Plaintiff now moves to alter or amend the

14   ruling, arguing: (1) the court erroneously applied *Wolff v. McDonnell*, the relevant Supreme Court

15   precedent; and (2) the court misapplied controlling Eighth Amendment law.  Mot. at 2, ECF

16   No. 120.  However, the court has already addressed these claims in its order, and plaintiff's

17   current motion contains no new law, facts or circumstances for the court's consideration.

18         First, plaintiff claims the court erroneously applied *Wolff v. McDonnell*, when it relied on

19   the guard's written report of the incident.  418 U.S. 539 (1974); Mot. at 1–2.  Plaintiff argues the

20   "obvious dispute" as to the availability of the surveillance video should require the magistrate

21   judge to rule in his favor.  Mot. at 4.  However, as explained by both the magistrate judge and this

22   court, the video contained no information relevant to the alleged due process violation, and the

23   dispute regarding the unavailability of the video is immaterial to plaintiff's claims.  Order at 2.

24   Second, plaintiff asserts the court was incorrect in dismissing plaintiff's Eighth Amendment

25   claims.  Objection at 15; Mot at 5.  However, as this court previously noted, plaintiff points to no

26   case law overcoming the qualified immunity asserted by officers.  Mot. at 6–7; Order at 2–3.

27

1       Because plaintiff can point to no errors committed by this court or new facts supporting

2  his claims, plaintiff's motion has not met the standard under Rule 59(e) and the motion is

3  **denied.**

4       IT IS SO ORDERED.

5       This order resolves ECF No. 120.

6  DATED:  December 6, 2022

7

CHIEF UNITED STATES DISTRICT JUDGE